UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WILLIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:09-CV-1068

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Movant Robert Willis's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. (Dkt. No. 1.)

Movant was indicted on February 8, 2005, for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii); and distribution of cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). (File No. 1:05-CR-18, Dkt. No. 25.) Movant was subsequently indicted on an additional charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(e). (File No. 1:05-CR-18, Dkt. No. 148.) The conspiracy charge was dismissed on motion by the government prior to trial. (File No. 1:05-CR-18, Dkt. Nos. 156, 159.) Movant went to trial and was convicted on all three remaining charges. (File No. 1:05-CR-18, Dkt. No. 176.) Movant was sentenced to 224 months in prison

followed by six years of supervised release. (File No. 1:05-CR-18, Dkt. No. 180.) Movant's appeal was denied by the court of appeals, and on April 5, 2007, he filed a petition for an en banc rehearing. On August 2, 2007, his petition for en banc rehearing was denied. *United States v. Willis*, No. 06-1872, slip op. (6th Cir. Aug. 2, 2007). Movant filed this § 2255 petition on November 23, 2009. (Dkt. No. 1.) Since Movant's original conviction, Movant has filed numerous motions for a new trial and retroactive application of new sentencing guidelines; all motions have been denied. (File No. 1:05-CR-18, Dkt. Nos. 198, 203, 213-14, 216, 221, 231-32, 234, 236, 244, 251, 254.)

## II.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. Judgment was entered in this case on June 13, 2006. Movant filed a timely notice of appeal on June 14, 2006, which was denied. Movant petitioned for an en banc rehearing on the denial of his appeal, and the rehearing was denied on August 2, 2007. *United States v. Willis*, No. 06-1872, slip op. (6th Cir. Aug. 2, 2007). The judgment on the appeal became final on November 1, 2007, when the 90-day period to file a petition for a writ of certiorari concluded. Sup. Ct. R. 13. Movant had one year, until November 1, 2008, in which to timely file a motion under § 2255. The instant motion was filed on or about November 23, 2009, over a year after the statute of limitations expired. Accordingly, Movant's action is time-barred.

The one-year statute of limitations contained in § 2255 is not jurisdictional and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed sua sponte on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Court, on November 5, 2010, ordered Movant to show cause why his claim should not be dismissed. (Dkt. No. 6.) Movant was ordered

3

to respond within 14 days; Movant did not submit a response. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion and Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>November 29, 2010</u>      /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE